UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Willie Bandy,** | ) | **CASE NO. 1:23 CV 1886** |
| | ) | |
| Plaintiff, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Annette Chambers-Smith,** | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Willie Bandy filed this action against Annette Chambers-Smith in her capacity as the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff objects to the ODRC's transition from JPAY to ViaPath as its electronic communication, entertainment, and electronic education vendor. Specifically, Plaintiff objects that he is unable to keep his JPAY tablet. Although the ODRC replaced all JPAY tablets with ViaPath tablets at no charge to the inmate and transferred data from the old tablet to the new tablet, Plaintiff does not wish to relinquish his old tablet. He claims the ODRC failed to warn him when he purchased his JPAY tablet four years ago that at some point in the future it could be considered contraband. He seeks $ 35,000.00 in damages and injunctive relief to prevent the ODRC from requiring him to either send his JPAY tablet home or turn it into prison officials.

1

**BACKGROUND**

Plaintiff alleges that prior to July 2023, ODRC inmates were permitted to purchase JPay electronic tablets to download music, video games, books, and other publications. The tablets could also be used to send communications to prison staff and family members. In July 2023, the ODRC notified inmates that it was transitioning electronic communication, entertainment, and electronic education vendors from JPAY to ViaPath. The ODRC informed inmates that it would begin a plan to phase out the JPAY tablets and replace them with ViaPath tablets. (Doc. 1-4 at PageID 30). Under the new ViaPath contract, the ODRC distributed new ViaPath tablets to inmates at no additional cost to the inmate.[1] These tablets include applications such as a wellness app, education opportunities, more book selections, podcasts, and internet radio. An upgraded messaging application is also available for inmates and their loved ones.

The ODRC's phase out plan was spread over the course of three months. From July 10, 2023 until September 30, 2023, inmates could choose either to turn their JPAY tablet into a designated staff member and receive a credit to their prison trust accounts or mail the JPAY tablet to an address of their choice with postage paid fully by the ODRC. The amount of the credit gradually diminished as the deadline approached. Tablets could be turned into staff members in July 2023 for a ten-dollar credit. Tablets turned into staff members in August 2023 would receive only a five-dollar credit. Tablets turned into staff members in September 2023 would not receive a credit but could still be mailed out of the ODRC with

---

[1] *See* https://drc.ohio.gov/home/news-and-events/all-news/ohio-transitions-communications-provider

postage fully paid by the ODRC. All inmates, regardless of whether they turned in their tablets or mailed them out of the institution, received free games from ViaPath for one year. (Doc. No. 1-4 at PageID #: 30). The ODRC informed inmates that all content from the JPAY tablets, except games, would transfer from the JPAY tablet to the ViaPath tablet. This includes purchased music, photos, e-messages, kites, grievances and videograms, The ODRC notified inmates that they could not keep JPAY tablets at the institution after October 1, 2023. All JPAY tablets found in the inmate's possession after October 1, 2023 would considered contraband.

Plaintiff objects to the ODRC policy that considers the old JPAY tablet to be contraband. He contends that the ODRC failed to warn him when he purchased the JPAY tablet four years earlier that at some point in the future, the ODRC might switch vendors and consider the tablet to be contraband. He compares this to other cases in which companies failed to place adequate warnings of their product's dangers on the label, which resulted in injury. He claims that the ODRC did not warn him of the risks of purchasing a JPAY tablet. He seeks an injunction to prevent the ODRC from considering his JPAY tablet to be contraband and asks that this Court award him monetary damages for emotional injuries he has sustained.

### STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke*

*v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

This Court lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a

cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

This case is not based on a federal question. Plaintiff claims the ODRC failed to warn him at the time he purchased his electronic tablet that at some point in the future, they might change service providers whose system would not be compatible with the tablet. He cites to manufacturer's labels on hard candies warning of choking hazards and labels on hot coffee warning that the product may cause burns and suggests that the ODRC should have

5

provided similar warning labels on the JPAY tablets. Failure to warn claims arise under state tort laws. They do not provide a basis for federal subject matter jurisdiction.

Plaintiff could only bring his state tort claim in federal court if he established diversity of citizenship. There is no suggestion, however, that it exists in this case. Plaintiff is incarcerated in Ohio's Grafton Correctional Institution. The Defendant is the ODRC Director. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, this means that the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics*, Inc., No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). As written, the Complaint suggests that all parties are citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

Plaintiff has not established a basis for this Court's subject matter jurisdiction. This action must be dismissed. Plaintiff filed a Motion for a Temporary Restraining Order to keep the Defendant from taking his JPAY tablet during the pendency of this action. (Doc. No. 3). Because this Court lacks subject matter jurisdiction over this case and is dismissing this action, the Motion for Temporary Restraining Order is denied.

**CONCLUSION**

Accordingly, this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff's Motion for Temporary Restraining Order (Doc. No. 3), Motion to Amend Appendix Page (Doc. No. 4), and Motion

to Moot Other Inmates Attempting to Join Plaintiff's Case as a Class Action (Doc. No. 5) are denied. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) will be addressed in a separate Order.

**IT IS SO ORDERED.**

Date: October 16, 2023

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE